**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MICHAEL ADAMS,
    Plaintiff,
vs.

119 EAST 18TH STREET, LLC and
JAVELINA TEX-MEX LLC,
    Defendants.

## COMPLAINT

Plaintiff, MICHAEL ADAMS ("Plaintiff"), by his undersigned counsel, hereby files this Complaint against Defendants, 119 EAST 18TH STREET, LLC and JAVELINA TEX-MEX LLC ("Defendants") for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (the ADA) and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"). This matter concerns Plaintiff's visits to a restaurant located at 119 E 18th St. New York, NY 10003, Javelina, wherein Plaintiff encountered several barriers which have and will deter him from visiting the restaurant in the future. Plaintiff's past visit and his desire to return are fully set forth herein.

## JURISDICTION

1.    This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. et seq., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

2.    Plaintiff currently resides in the Brooklyn, New York.

3.    Plaintiff was born with cerebral palsy and as a result is bound to ambulate in a wheelchair. He is a qualified individual with disabilities under the ADA.

1

4.      Plaintiff visited the subject property located at 119 East 18th Street, New York, New York 10003 (the "Facility") in the fall of 2022 to enjoy the goods and services offered therein and encountered barriers to access.  Plaintiff desires and intends to return to the Facility to enjoy to goods and services offered therein.  However, his access to the Facility continues to be denied and/or substantially limited.  His access will continue to be denied until Defendants remove the barriers, including those set forth in the Complaint at Paragraph 17 below.

5.      Plaintiff wishes to return to the Facility in the summer of 2023 for a special celebration with friends in the indoor and outdoor dining areas.

6.      Plaintiff wishes to return to the Facility to enjoy the wide variety of frozen margaritas, signature queso, and other Mexican specialties.

7.      Defendant, 119 EAST 18TH STREET, LLC, transacts business in the State of New York and within this judicial district. Defendant, 119 EAST 18TH STREET, LLC, is the owner and/or lessor, of the real property located at 119 E 18th St. New York, NY 10003where the restaurant known as Javelina is located (the "Facility").

8.      Defendant, JAVELINA TEX-MEX LLC, transacts business in the State of New York and within this judicial district. Defendant, JAVELINA TEX-MEX LLC, is the lessee of the Facility located at 119 E 18th St. New York, NY 10003and the owner and/or operator of a restaurant known as Javelina (the "Facility").

9.      The Facility is a place of public accommodation under the ADA.

10.     Plaintiff has suffered legal harm and injury in fact, as he visited the Facility to enjoy the goods and services provided therein, encountered barriers to access, and desires and intends to re-visit the Facility again, but is unable to do so until the barriers to access are remediated.

**11.**      The barriers alleged in Paragraph 17, by their very nature, prevent Plaintiff and other wheelchair bound patrons from accessing the premises and enjoying the goods and services offered therein.

**12.**      The removal of the alleged barriers can be accomplished without much difficulty or expense.

**13.**      All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the premises is in the Southern District.

## FACTUAL ALLEGATIONS AND CLAIM

**14.**      Plaintiff has attempted to access the Facility to enjoy the goods and services offered therein but could not do so without substantial hardship due to his disability, which requires him to ambulate in a wheelchair, and the significant barriers to access existing at the Facility.

**15.**      Plaintiff intends to visit the Facility in the future to enjoy to goods and services offered therein.  However, his access to the Facility continues to be denied and/or substantially limited.  His access will continue to be denied until Defendants remove the barriers, including those set forth in the Complaint at Paragraph 15 below.

**16.**      Defendants have discriminated against Plaintiff by denying him full access to the goods, services and/or accommodations of the Facility, as prohibited by 42 U.S.C., § 12182, et. seq., and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), will continue to discriminate against Plaintiff unless and until Defendants remove all physical barriers including those specifically set forth below.

**17.**      Defendants have discriminated against Plaintiff by failing to remedy the ADA violations, which by their nature, affect Plaintiff and other wheelchair bound plaintiffs.  A

specific list of ADA violations which preclude and/or limit Plaintiff's ability to access the

facility and to enjoy the goods and services offered therein, include the following:

**Outside Establishment: Entrance**
- Inaccessible entrance. Accessible route to establishment not provided as required. Accessible means of egress not provided as required.
- Existing steps at interior side of entrance door act as a barrier to accessibility.
- Required handrails not provided at both sides of steps at interior side of entrance door.

**Exterior dining area:**
- Inaccessible dining tables located at exterior dining area.
- Required minimum knee and toe clearance not provided at dining tables located at exterior dining area.
- A minimum percentage of existing dining tables required to be accessible not provided at exterior dining area.

**Interior dining area:**
- Inaccessible dining tables located at interior dining area.
- Required minimum knee and toe clearance not provided at dining tables located at interior dining area.
- A minimum percentage of existing dining tables required to be accessible not provided at interior dining area.

**Men's restroom:**
- Compliant signage identifying the men's restroom not provided as required.
- Required minimum clear width not provided at door of men's restroom.
- Non-compliant door lock at door of men's restroom requires twisting of the wrist.
- Required minimum turning space not provided in men's restroom.
- Required minimum clearance not provided at water closet in men's restroom.
- Required grab bars not provided on rear and side walls of water closet in men's restroom.
- Inaccessible lavatory in men's restroom.
- Required minimum clear floor space not provided at lavatory in men's restroom
- Insulation of pipes and water lines under the lavatory in men's restroom not provided as required.
- Non-compliant mounted height of mirror in men's restroom exceeds maximum height allowance.
- All coat hooks in men's restroom are inaccessible.
- Non-compliant height of the first of coat hooks in men's restroom exceeds maximum

**Women's restroom:**
- Compliant signage identifying the women's restroom not provided as required.
- Required minimum clear width not provided at door of women's restroom.

4

- Non-compliant door swing of door of women's restroom. Door swings into clear floor space.
- Non-compliant door lock at door of women's restroom requires twisting of the wrist.
- Inaccessible water closet in women's restroom.
- Required minimum clearance not provided at water closet in women's restroom.
- Required grab bars not provided on rear and side walls of water closet in women's restroom.
- Inaccessible lavatory in women's restroom.
- Required minimum knee clearance not provided at lavatory in women's restroom.
- Insulation of pipes and water lines under the lavatory in women's restroom not provided as required.
- Non-compliant height of three coat hooks in women's restroom exceeds maximum height allowance.

18.     The above listing may not include all the barriers countered by Plaintiff and/or which exist at the facility. Plaintiff requires an inspection of the facility to determine all the ADA violations.

19.     The removal of the ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

20.     Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

21.     The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

22.     Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily

accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject Facility to make it readily accessible and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Dated: February 15, 2023

Respectfully submitted,

s/ Jennifer E. Tucek, Esq.
Law Office of Jennifer Tucek, PC
    *Attorney for Plaintiff*
Bar No. JT2817
315 Madison Avenue, #3054
New York, N.Y. 10017
(917) 669-6991
TucekLaw@Gmail.com